**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

Antonio Dieargo Patterson,

Plaintiff,

v.

Ron Lawrenz, Michelle Whitlock, Latonia Grasty Middleton, Latrice Keitt, Natasha Smith, Jason Moore, Steve Reeves, Angela Bacote, Deanna Barfield,

Defendants.

Case No. 8:26-cv-03201-RMG

**ORDER AND OPINION**

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that Plaintiff's claims, except for the excessive force claim for the incident on September 20, 2024, against Defendant Whitlock, be dismissed (Dkt. No. 23). Plaintiff was given notice that he had 14 days from the date of the R&R to file any objections, which, with three additional days for mailing, required the filing of objections on or before November 6, 2026. (*Id.*). On November 9, 2026, the Court received Plaintiff's Objections. (Dkt. No. 27). For the reasons set forth below, the Court adopts the R&R.

## I. Background

Plaintiff is currently a civilly committed detainee under the South Carolina Sexually Violent Predator Act ("SVPA"). (Dkt. No. 19 at 2–4). On September 20, 2024, Plaintiff was handcuffed and moved to another room so that his room could be cleaned. (Dkt. No. 19-1 at 4–5). While Plaintiff was in the other room, Defendant Whitlock handcuffed Plaintiff in the "chicken wing position" with hand and ankle cuffs that were too tight. (*Id.* at 5). Plaintiff told Defendant Whitlock that the cuffs were too tight and that he would not resist the use of the restraints, but Defendant Whitlock ignored Plaintiff's complaints. (*Id.*). Plaintiff claims that the tight cuffs caused sharp and

excruciating pain, restriction of blood flow, and restriction of breathing. (*Id.*). When they returned to Plaintiff's room, Defendant Whitlock fell backwards while holding Plaintiff's handcuffs and twisted Plaintiff's cuffed right arm and wrist. (*Id.* at 6). Another officer, Ms. Evans ("Evans"), alerted Defendant Whitlock to let go because the cuffs were hurting Plaintiff, but Defendant Whitlock did not let go until Defendant Whitlock got off the ground. (*Id.*). This caused Plaintiff's wrist and arm to become swollen with Plaintiff experiencing pain. (*Id.*). Plaintiff asked Defendant Whitlock and Evans to take him to see a doctor for the injuries. (*Id.* at 7). Plaintiff subsequently received an ice pack and pain medication. (*Id.* at 8).

Afterwards, starting on September 22, 2024, Plaintiff made several requests to see medical personnel for his swelling and pain. (*Id.*). On September 24, 2024, Plaintiff was examined by a nurse, and was ordered ice and an x-ray, but Plaintiff wanted to see a doctor instead. (*Id.* at 8–9). Plaintiff continued to write complaints and requests about the incident and the subsequent medical treatment. (*Id.* at 9). On October 2, 2024, Plaintiff saw a nurse practitioner for his pain and to request a wrist brace. (*Id.* at 9–10). Plaintiff did not immediately undergo an MRI exam despite his belief that one was necessary. (*Id.* at 10). However, Plaintiff continued complaining about not seeing a doctor, having an MRI exam, or receiving a wrist brace and compression sleeve. (*Id.* at 10–11). Plaintiff's treatment progressed, including physical therapy, x-rays, a steroid injection, and visits with nurse practitioners and doctors. (*Id.* at 18–21). On April 20, 2026, Plaintiff complained about not receiving a wrist brace or compression sleeve. (*Id.* at 19).

On August 3, 2026, Plaintiff filed his complaint, which has since been amended twice. (Dkt. Nos. 1, 5, 19). Liberally construed, the Second Amended Complaint appears to assert claims for (1) excessive force, (2) deliberate indifference to Plaintiff's serious medical needs, (3) negligence, and (4) supervisory liability. (Dtk. No. 19). For relief, Plaintiff requests money damages. (*Id.*).

## II. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## III. Discussion

The Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly concluded Plaintiff's claims, except the excessive force claim against Defendant Whitlock, should be dismissed. After

reviewing Plaintiff's Objections, this Court finds that the Objections fail "to direct the Court to a specific error" in the R&R. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (holding that district courts need not conduct *de novo* review where objections are general or conclusory). Plaintiff has failed to come forward to identify perceived specific errors in the R&R. He makes only conclusory objections and largely reiterates the allegations in the complaints. Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). Accordingly, the Court concludes that Plaintiff's Objections to the R&R are not specific and are without merit.

Yet, even if Plaintiff's blanket and conclusory contentions are construed as specific objections, they fail to indicate any errors in the R&R. The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that Plaintiff's claims, except those against Defendant Whitlock, should be dismissed.

First, Plaintiff has not sufficiently alleged claims of deliberate medical indifference because even accepting the allegations as true they state that Plaintiff received regular medical treatment but that he disagreed with that treatment. These allegations are not sufficient to state a claim for deliberate medical indifference. *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982) (explaining that decisions by a professional are presumptively valid and liability may only be imposed when "the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment."); *Riddick v. Barber*, 109 F.4th 639, 646 (4th Cir. 2024) (discussing that "*Youngberg* requires 'more than negligence'") (citation omitted); *Peterson v. Davis*, 551 F. Supp. 137, 146 (D. Md. 1982) ("The mere failure to treat all medical problems to a prisoner's

satisfaction, even if that failure amounts to medical malpractice, is insufficient to support a claim" for deliberate indifference).

Second, Plaintiff's negligence claims are not actionable under 42 U.S.C. § 1983. *See Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) ("[N]egligent deprivations of life, liberty, or property are not actionable under 42 U.S.C. § 1983."); *Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir. 1987) ("Mere negligent conduct on the part of prison officials . . . does not constitute a violation of the eighth amendment's prohibition against cruel and unusual punishment."). Additionally, to the extent that Plaintiff objects to the Magistrate Judge's characterization of his claims against Defendant Keitt as a negligence claim rather than deliberate indifference the Magistrate Judge also correctly concluded that the deliberate indifference claim against Defendant Keitt should be dismissed. (Dkt. No. 23 at 7–8).

Lastly, Plaintiff's supervisory liability theories fail because vicarious liability and respondeat superior are not generally actionable under 42 U.S.C. § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (noting that "Section 1983 will not support a claim based on a respondeat superior theory of liability" (emphasis in original)). Additionally, Plaintiff has failed to allege a constitutional violation for his medical treatment. *Green v. Beck*, 539 F. App'x 78, 80 (4th Cir. 2013). Accordingly, the Court finds that the Magistrate Judge correctly concluded that the Second Amended Complaint fails to state a claim for relief against the defendants except Defendant Whitlock.

## IV. Conclusion

Accordingly, for the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 23) as the Order of the Court and **DISMISSES WITH PREJUDICE** all claims except for the excessive force claim for tight hand and ankle cuffing on September 20, 2024, against Defendant Whitlock, without further leave to amend**.** The case shall proceed on the remaining excessive force claim against Defendant Whitlock.

**AND IT IS SO ORDERED.**

_s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 20, 2026
Charleston, South Carolina